UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANTONIO LYNN FLUKER, JR. and RICKY JONES, JR., | Case No. 24-13322 |
| Plaintiffs, | F. Kay Behm<br>United States District Judge |
| v. | |
| DANIEL DRISCOLL, ACTING DIRECTOR OF BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, | |
| Defendant.<br>_____/ | |

**OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS (ECF No. 22)**

**I.   PROCEDURAL HISTORY**

Plaintiff Antonio Fluker, Jr. ("Fluker"), a prisoner-plaintiff, filed a complaint in this district on October 17, 2024 against Steven Dettelbach, in his official capacity as the (former) director of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF).  ECF No. 1.[1]  On February 5, 2025, Fluker amended his complaint to join his spouse, Ricky Jones, Jr. ("Jones").  On August 15, Defendant filed a motion to

---

[1] The caption has been updated in this order to reflect the current Acting Director as of the filing of Defendant's reply.  *See* ECF No. 32.

1

dismiss the complaint as to both Plaintiffs (ECF No. 22). Fluker and Jones filed a response (ECF No. 28), to which Defendant filed a reply (ECF No. 32).

The court does not find that oral argument is necessary to resolve the issues presented. E.D. Mich. LR 7.1(f)(2). For the reasons explained below, the court **GRANTS** Defendant's motion to dismiss and closes the case.

## II.  FACTUAL BACKGROUND

In this civil action, two married Plaintiffs, who are each prevented from owning a gun under 18 U.S.C. § 922(g)(1), seek restoration of their gun rights. In March 2021, Plaintiff Fluker was indicted for several felonies under federal law, including wire fraud and money laundering, for which Fluker was sentenced, according to him, to one hundred and thirty five months (135) imprisonment to be followed by three (3) years of supervised release. ECF No. 8, PageID.28. Fluker was previously convicted in 2011 for escape from federal custody; Plaintiff Jones was likewise convicted that year for forging the document that secured Fluker's unlawful release and allowed his escape. *Id.* Both of those convictions were also felonies. Fluker remains incarcerated for his 2021

convictions; Jones was sentenced only to supervision for his 2011 conviction and completed his sentence in 2012. ECF No. 8, PageID.28.

In May 2023, Jones went to a local firearm dealer Bullock Guns-n-More located in Flint, MI to purchase a firearm for hunting and personal self-defense, but was denied after a background check, presumably on grounds of his felony conviction. *See id.*

Fluker and Jones each seek a declaratory judgment that they are entitled to have their gun rights restored under *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022) and *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024). By the fact of their felony convictions, Fluker and Jones are barred from owning guns for life under 18 U.S.C. § 922(g)(1), but challenge the constitutionality of that statute as-applied to them under *Williams*.

Defendant challenges Plaintiffs' claims under both Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim.

### III. STANDARD OF REVIEW

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction over the action before it and can be either a facial or factual

3

attack. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). In facial attacks, the court accepts the complaint's allegations as true; in factual attacks, the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* On a Rule 12(b)(1) motion, "the plaintiff has the burden of proving jurisdiction." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). When challenged, jurisdictional issues must be resolved first, as a court cannot proceed without jurisdiction. *See id.*

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must "construe the complaint in the light most favorable to the [nonmoving party] . . . [and] accept all well-pled factual allegations as true." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007); *see also Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 562 (6th Cir. 2003). The complaint must provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Moreover, the complaint must "contain[] sufficient factual

4

matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). A claim has "facial plausibility" when the nonmoving party pleads facts that "allow[] the court to draw the reasonable inference that the [moving party] is liable for the misconduct alleged." *Id*. at 678. The factual allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens*, 500 F.3d at 527.

In evaluating the allegations in the complaint, the court must be mindful of its limited task when presented with a motion to dismiss under Rule 12(b)(6). At the motion to dismiss stage, the court does not consider whether the factual allegations are probably true; instead the court must accept the factual allegations as true, even when skeptical. *See Twombly*, 550 U.S. at 555 (a court must proceed "on the assumption that all the allegations in the complaint are true (even if doubtful in fact)"); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"). Indeed, in assessing the sufficiency of a complaint, the court must determine only whether "'the claimant is

entitled to offer evidence to support the claims,' not whether the plaintiff can ultimately prove the facts alleged." *See United States v. SouthEast Eye Specialists, PLLC*, 570 F. Supp. 3d 561, 574 (M.D. Tenn. 2021) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)).

In general, when deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court's review is limited to the four corners of the pleading at issue. Fed. R. Civ. P 12(d); *see also Courser v. Michigan House of Representatives*, 404 F. Supp. 3d 1125, 1139 (W.D. Mich. 2019) (citing *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 682 (6th Cir. 2011)) (noting that "[i]n general, in deciding a Rule 12(b)(6) motion to dismiss the court is limited to considering only the pleadings"). Nonetheless, it is well established that, in some circumstances, a court may consider matters beyond the pleadings without converting the motion to one for summary judgment under Rule 56. Examples include "any exhibits attached [to the Complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

6

## IV. ANALYSIS

### A. Standing

The Constitution limits federal jurisdiction to cases and controversies. U.S. Const. art. III, § 2. Standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To establish standing, a plaintiff must have suffered an injury-in-fact that is fairly traceable to the defendant's challenged action and likely to be redressed by a favorable decision. *Id.* at 560–61. The party invoking federal jurisdiction bears the burden of demonstrating standing. *Id.* at 561. An injury-in-fact must be "concrete and particularized" and "actual or imminent" as opposed to "conjectural" or "hypothetical." *Id.* at 560. A plaintiff "cannot sue simply to avoid a '*possible* future injury.'" *Saginaw Cnty. v. STAT Emergency Med. Servs., Inc.*, 946 F.3d 951, 954–55 (6th Cir. 2020) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)) (emphasis in original). Rather, to establish standing for an alleged future injury, a plaintiff must demonstrate that the threatened injury is "certainly impending." *Clapper*, 568 U.S. at 416.

Fluker cannot establish "imminent" injury. Fluker is currently incarcerated and will be for over a decade. ECF No. 8, PageID.28. As an inmate, he cannot possess a firearm, so Fluker cannot establish that § 922(g)(1) is currently harming him in any way. *See* BOP Program Statement 5580.08, *Inmate Personal Property*, § 553.12(b)(1) (2011), https://www.bop.gov/policy/progstat/5580_008.pdf (defining contraband to include weapons). Any threat to his Second Amendment rights is not "concrete and real." *See Turaani v. Wray*, 440 F. Supp. 3d 733, 737 (E.D. Mich. 2020). Because Fluker cannot establish "direct injury that is presently effective in fact," he lacks standing to pursue his claims. *See Nat'l Rifle Ass'n of America v. Magaw*, 132 F.3d 272, 293 (6th Cir. 1997) (citation omitted). His claim of injury is not "imminent" but instead rests on "contingent future events." *See Adult Video Ass'n v. U.S. Dep't of Justice*, 71 F.3d 563, 568 (6th Cir. 1995) (citation omitted).

Nor can Fluker establish redressability at this time. An injury is redressable if it can at least be partially remedied. *See Uzuegbunam v. Preczewski*, 592 U.S. 279, 291 (2021). An injury is not redressable if a plaintiff's desired conduct is still prohibited even after a favorable decision from a court. *See Hewitt v. Helms*, 482 U.S. 755, 761 (1987). In

analyzing redressability, "[t]he relevant standard is likelihood— whether it is 'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Doe v. DeWine*, 910 F.3d 842, 850 (6th Cir. 2018) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S. 167, 181 (2000)). For Fluker, even if this court were to grant the proposed relief of removing his firearms disability under § 922(g)(1) by a declaratory judgment, his alleged injury – his inability to purchase a firearm – would persist because there is an independent bar to his owning a gun; he is incarcerated and will remain so for over a decade more. It is speculative at best to say his alleged injury could be redressed before that time. Because Fluker's injuries would not be redressed through this action, he separately fails to establish standing on these grounds.

    Therefore, Fluker's claims will be dismissed for lack of standing and lack of subject matter jurisdiction. "Article III standing is a question of subject matter jurisdiction properly decided under 12(b)(1)." *American BioCare, Inc. v. Howard & Howard Attorneys, PLLC*, 702 F. App'x 416, 419 (6th Cir. 2017). Because this dismissal is under Rule 12(b)(1), it is necessarily without prejudice. *See Ohio Nat. Life Ins. Co.*

*v. United States*, 922 F.2d 320, 325 (6th Cir. 1990) ("A dismissal under 12(b)(1) allows for the possibility of repleading the action to bring it within the subject matter jurisdiction of some court."). The court therefore must refrain from speaking to the merits of this action as to Fluker because it lacks jurisdiction to do so.

    **B.    Ripeness**

Even if standing were not at issue – that is, even if it were the case that Fluker plausibly has alleged that he will attempt to buy a gun when he is released and that a decision by the court would provide redress in that future scenario – Defendant relatedly notes that Fluker's claims are not ripe. ECF No. 22, PageID.97. Ripeness is a doctrine of justiciability that concerns when review is appropriate. Ripeness is similar to standing, but whereas standing is concerned with who is a proper party to litigate a particular civil action, ripeness is concerned with when a proper party may litigate that action. *Mich. Wolfdog Ass'n v. St. Clair Cty.*, 122 F. Supp. 2d 794, 800 (E.D. Mich. 2000); *Adult Video Ass'n v. United States Dep't of Justice*, 71 F.3d 563, 567 (6th Cir. 1995). Ripeness is a question of "jurisdiction" properly raised under Rule 12(b)(1). *See New Heights Farm I, Ltd. Liab. Co. v.*

10

*Great Am. Ins. Co.*, 119 F.4th 455, 460 (6th Cir. 2024); *Bigelow v. Mich. Dep't of Nat. Res.*, 970 F.2d 154, 157 (6th Cir. 1992) ("If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed.").

The basic rationale of the ripeness doctrine "is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." *Nat'l Rifle Ass'n of America of Am. v. Magaw*, 132 F.3d 272, 284 (6th Cir. 1997) (quoting *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 580 (1985)). Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all. *Pacific Gas & Elec. Co. v. State Energy Resources Conservation & Dev. Comm'n*, 461 U.S. 190, 200-01 (1983); *Dames & Moore v. Regan*, 453 U.S. 654, 689 (1981). A case is ripe for pre-enforcement review under the Declaratory Judgment Act only if the probability of the future event occurring is substantial and of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Golden v. Zwickler*, 394 U.S. 103, 108 (1969); *Armstrong World Indus. v. Adams*, 961 F.2d 405, 412 (3rd Cir. 1992).

11

Even assuming that Fluker has pleaded concrete plans to purchase a gun when he is eventually released from prison a decade or more from now (ECF No. 8, PageID.28), his claims are plainly not ripe for adjudication at this time and will be dismissed for lack of jurisdiction. The court notes the relative recency of the *Williams* decision and the probability that the case law surrounding that issue will have developed by the time Fluker's claims are ripe.

### C. Merits

Although Fluker lacks standing (or at minimum, his claims are not ripe), the same cannot be said for Jones. Jones is not incarcerated, as far as the court is aware, and Defendant does not argue that he is. Jones also alleges that he has in fact recently sought to buy a gun but was denied. ECF No. 8, PageID.28-29. He therefore has standing and his claims are ripe for review, because a favorable decision would immediately remove what appears to be the primary impediment to his purchasing a gun. Defendant instead moves to dismiss Jones' claims under Rule 12(b)(6) for failure to state a claim because § 922(g)(1) is constitutional as applied to him. ECF No. 22, PageID.99-100.

In *United States v. Williams*, the Sixth Circuit held that 18 U.S.C. § 922(g)(1) (the federal felon-in-possession law) is "constitutional on its face and as applied to dangerous people." 113 F.4th 637, 662-63 (6th Cir. 2024). But every member of that disarmed group must have "an opportunity to make an individualized showing that he himself is not actually dangerous." *Id.* at 663. When one's crime "pose[d] a significant threat of danger," that person "will have a very difficult time, to say the least, of showing" their conduct was not dangerous. *See id.* For example, the *Williams* court posited that the crime of burglary "is dangerous because it 'creates the possibility of a violent confrontation between the offender and occupant.'" *Id.* at 659 (quoting *Taylor v. United States*, 495 U.S. 575, 588 (1990)). Because these types of crimes "put someone's safety at risk," they justify a finding of danger. Although Plaintiffs do not point the court to any decision finding § 922(g)(1) unconstitutional as-applied under *Williams*, that court theorized that there exists "[a] more difficult category [that] involves crimes that pose no threat of physical danger, like mail fraud, tax fraud, or making false statements." *Id.*; *see also Range v. AG United States*, No. 21-2835, 124 F.4th 218, (3d Cir. 2024) (on remand) (finding that a

13

person convicted of food-stamp fraud and who had completed his sentence could not be permanently disarmed).

Jones was convicted for assisting Fluker escape federal custody by forging a court order and transmitting it to the jail where Fluker was held. ECF No. 8, PageID.28; *United States v. Jones*, No. 11-20048, ECF No. 11, PageID.43–44 (E.D. Mich. Mar. 2, 2011). (Fluker was convicted for that same escape from jail. *United States v. Fluker*, No. 11-20631, ECF No. 10, PageID.9–10 (E.D. Mich. Apr. 16, 2012). He was rearrested and placed back in custody. *Jones*, No. 11-cr-20048, ECF No. 1, PageID.2).[2]

The government correctly points out that an escape from jail poses a danger to the community. Just as burglary is a dangerous crime because it creates the possibility of a violent confrontation with an occupant or law enforcement, "[h]elping someone break out of custody involves the possibility of various violent confrontations, including with

---

[2] Because these are publicly available documents, the court can consider them in resolving Defendant's motion to dismiss. *See In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 466 (6th Cir. 2014) ("[I]f public records refute a plaintiff's claim, a defendant may attach those documents to its motion to dismiss, and a court can then consider them in resolving the Rule 12(b)(6) motion without converting the motion to dismiss into a Rule 56 motion for summary judgment."). Further, in evaluating a § 922(g)(1) challenge, "a court may consider a defendant's entire criminal record." *United States v. Williams*, 113 F. 4th 637, 659–60 (6th Cir. 2024).

jail staff, law enforcement, and members of the public." ECF No. 22, PageID.99. And assisting in an act of escape shows Jones' "clear unwillingness to comply with legal obligations and law enforcement and justify a finding of dangerousness." *See United States v. Poe*, No. 24-6014, 2025 LX 50143, at *7, 2025 WL 1342340, at *3 (6th Cir. May 8, 2025).

Jones colorfully refers to this conclusion as "unhinged," because in his view, his and Fluker's actions merely "resemble[d] a non-violent walkaway escape." ECF No. 28, PageID.123. The court disagrees, and finds that Jones' crime, even if his own physical acts were limited document forgery, in effect and intent posed a danger to others by fraudulently and unlawfully securing Fluker's release from federal custody. Section 922(g)(1) is constitutional as applied to Jones, and his claims will be dismissed under Rule 12(b)(6) for failure to state a claim.

### D. Three Strikes Rule

A note is warranted on Fluker specifically, who proceeded *in forma pauperis* in this case. ECF No. 11. Under 28 U.S.C. § 1915(g), a prisoner is precluded from proceeding with *in forma pauperis* status in a civil case if the prisoner has, on three or more prior occasions, filed a

complaint that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Lomax v. Ortiz-Marquez*, 590 U.S. 595, 598 (2020); 28 U.S.C. § 1915(g); *Fitts v. Burt*, No. 05-73112, 2008 U.S. Dist. LEXIS 107269, at *12 (E.D. Mich. Jan. 24, 2008).

The court notes that, because of the date this action was filed, the three strikes rule did not appear to have applied to this case. But Fluker is at this point out of strikes (this court counts at least four cases that appear to invoke the relevant rule), and at least on this court's reading should not be permitted to file another action without prepaying fees and costs while he is incarcerated. *See Fluker v. Ison*, No. 25-cv-10587, ECF No. 7 (dismissed under § 1915(e) for frivolousness and failure to state a claim); *Fluker v. Transunion, LLC*, No. 24-cv-12738, ECF No. 15 (dismissed under § 1915(e) for failure to state a claim);[3] *Fluker v. Ally Financial*, No. 22-cv-12536, ECF No. 19 (dismissed under Rule 12(b)(6) for failure to state a claim); *Fluker v. Hemingway*, No. 23-cv-10842, ECF No. 37 (dismissed for failure to state a claim upon which relief can be granted).

---

[3] Though that decision was also labeled a dismissal for lack of standing.

## V. CONCLUSION

Therefore, the court **GRANTS** Defendant's motion to dismiss (ECF No. 22) under Rule 12(b)(1) as to Plaintiff Fluker and under Rule 12(b)(6) as to Plaintiff Jones. Fluker's claims are therefore **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction, while Jones' claims are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

This opinion adjudicates all claims in this case and an order of judgment dismissing this case will follow.

**SO ORDERED**.

Date: January 22, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge